**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 05-7312**

———————————

SINCLAIR MAZYCK,

                                        Petitioner - Appellant,

        versus

COLIE    RUSHTON,    Warden    of    McCormick
Correctional  Institution;  HENRY  MCMASTER,
Attorney General of South Carolina,

                                        Respondents - Appellees.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Rock Hill.  R. Bryan Harwell, District Judge.
(CA-04-1-RBH)

———————————

Submitted:  November 17, 2005      Decided:  November 29, 2005

———————————

Before WILKINSON, LUTTIG, and WILLIAMS, Circuit Judges.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Sinclair Mazyck, Appellant Pro Se. Donald John Zelenka, Chief
Deputy Attorney General, Columbia, South Carolina, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Sinclair Mazyck seeks to appeal the district court's orders accepting the recommendation of the magistrate judge and denying relief on his petition filed pursuant to 28 U.S.C. § 2254 (2000); and denying his motion to alter or amend judgment pursuant to Rule 59(e). We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order denying Mazyck's Rule 59(e) motion was entered on the docket on May 31, 2005. The notice of appeal was filed on August 21, 2005.[*] Because Mazyck failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are

---

[*]For the purpose of this appeal, we assume that the date stamp of the prison mailroom appearing on the envelope that contained Mazyck's notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

- 2 -

adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>
